## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **FOR THE USE AND BENEFIT OF** **MR. EXCAVATOR, INC.,** c/o Timothy A. Flesher 8616 Euclid-Chardon Road Kirtland, OH 44094  Plaintiff,  v.  **THE CINCINNATI INSURANCE CO.,** c/o Steve Corbly P.O. Box 145496 Cincinnati, OH 45250-5496  **BLACK HORSE CONSTRUCTION, LLC** c/o Carolyn Valentine 4410 Brunnerdale Ave. NW Canton, OH 44718  Defendants. | CASE NO. 1:20-cv-304  JUDGE _____    **COMPLAINT FOR MONEY DAMAGES AND DECLARATORY JUDGMENT** |

Plaintiff Mr. Excavator, Inc. ("Mr. Excavator"), for its Complaint against The Cincinnati Insurance Company ("CIC") and Black Horse Construction, LLC ("Black Horse"), allege and state as follows:

### INTRODUCTION

1. This is an action by Mr. Excavator against CIC to recover money damages pursuant to a payment bond (the "Bond") issued by CIC, as surety, to Black Horse as CIC's principal, in

1

connection with the Mental Health and Specialty Care Addition at the Chalmers P. Wylie VA Ambulatory Care Center (the "Project").

2. All of Mr. Excavator's claims against CIC and Black Horse arise from or relate to money owed for work that Mr. Excavator performed on the Project pursuant to the Subcontract between Black Horse and Mr. Excavator. Black Horse was the prime contractor to the Department of Veterans Affairs ("VA") on the Project.

3. Mr. Excavator makes claim on the Bond for the damages it incurred in connection with its work on the Project, which damages resulted from Blackhorse's failure to pay Mr. Excavator for work it performed on the Project, including base contract sums, retention, and extra work. Black Horse directed Mr. Excavator to perform both the base contract and extra work on the Project and received communications from Mr. Excavator indicating that it was performing this work without waiving its rights to compensation. At no time did Black Horse direct Mr. Excavator to stop performing this work.

4. Mr. Excavator also brings claims against Black Horse for Breach of Contract, Unjust Enrichment, and Declaratory Judgment in connection with the unpaid amounts due and owing to Mr. Excavator for its work on the Project.

**PARTIES**

5. Mr. Excavator is an Ohio corporation that maintains its principal place of business in Kirtland, Ohio.

6. Upon information and belief, CIC is an Ohio corporation that maintains its principal place of business in Fairfield, Ohio.

7. Upon information and belief, Black Horse is an Ohio limited liability company whose members all reside in the State of Ohio.

11735284.2

## JURISDICTION AND VENUE

8. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

9. Venue is proper in this district pursuant to 40 U.S.C. § 3133(b)(3)(B) since this suit is brought under 40 U.S.C. § 3133 and the contract at issue in this case was to be performed and executed within the judicial district encompassing the Southern District of Ohio.

10. Personal jurisdiction is proper in this Court because CIC regularly conducts business within this district, is a citizen of Ohio, and all of the events or omissions giving rise to the claims occurred within this district.

11. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Mr. Excavator's claims against CIC arise under 40 U.S.C. §§ 3131-3133, *et seq.* and the Court therefore also has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367 because the remaining claims form part of the same case or controversy as the claims arising under 40 U.S.C. §§ 3131-3133, *et seq.*

## FACTS

12. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

13. Black Horse served as the Prime Contractor to the VA on the Project.

14. Upon information and belief, CIC, as surety, issued the Bond on behalf of Black Horse as its principal on the Project.

15. Mr. Excavator entered a subcontract (the "Subcontract") with Black Horse in connection with the Project on or about February 12, 2018.

16. Mr. Excavator is a beneficiary under the Bond.

17. Mr. Excavator performed various types of work on the Project in connection with the Subcontract, including excavation, pipe installation, backfill, and water line installation.

18. Black Horse has failed to pay Mr. Excavator $46,600.00 in agreed-upon base contract funds as well as $47,574.00 in extras, resulting in a net amount of $94,174.00 in connection with this work.

19. The $47,574.00 in extras was incurred in connection with a number of activities that Black Horse instructed Mr. Excavator to perform through directions received on the Project site.

20. Black Horse was aware that Mr. Excavator was incurring additional expenses in connection with these activities.

21. Mr. Excavator performed its work, both base contract and extra work, without waiving its rights to payment.

22. Black Horse approved portions of the additional work performed by Mr. Excavator.

23. Mr. Excavator tracked the costs of this extra work through job work orders as well as a schedule of these open items. Mr. Excavator submitted these documents to CIC as part of its initial claim on the Bond. This documentation, which includes the Subcontract, is collectively attached this Complaint as Exhibit A.

24. Below is a list of activities Mr. Excavator performed at Black Horse's direction that constitute the $47,574.00 in extras.

    a. Mr. Excavator installed 32 linear feet of 18-inch HDPE storm sewer and provided new ST-1 and core material. This carried a $10,675.83 expense that still remains open. This expense was incurred pursuant to PS#2.

11735284.2

b. Mr. Excavator installed a new storm outlet pipe because the new vault did not have the necessary holes. This carried a $1,360.32 expense that still remains open. This expense was incurred pursuant to Change Order Request #2. This work is associated with Job Work Order #13835.

c. Mr. Excavator performed set up work for Donley's and removed new storm MH #3 in order for Donley's to be able to perform their work. This carried a $2,741.74 expense that still remains open. This expense was incurred pursuant to Change Order Request #2. This work is associated with Job Work Order #13834.

d. Mr. Excavator removed mud, pumped down water, and reset ST #3. This carried a $955.72 expense that still remains open. This expense was incurred pursuant to Change Order Request #2. This work is associated with Job Work Order #13836.

e. Mr. Excavator performed work on the lower existing waterlines as well as backfill work in connection with this waterline work. This carried a $12,833.69 request that still remains open. This expense was incurred pursuant to Change Order Request #1. This work is associated with Job Work Order #13832.

f. Mr. Excavator installed a new waterline on the Project. This carried a $9,632.21 expense that still remains open. This expense was incurred pursuant to Change Order Request #3. This work is associated with Job Work Order #13837.

    g.  Mr. Excavator changed cages on the Project site due to the waterline present on the site in addition to performing jackhammer work on four walls as well as the floor of the site. This carried a $2,659.93 expense that still remains open. This expense was incurred pursuant to Change Order Request #4. This work is associated with Job Work Order #13124.

    h.  Mr. Excavator performed additional jackhammer work on the walls and floor on the Project site as well as work necessary to ensure that no waterlines were disturbed on the project. This carried a $2,801.55 expense that still remains open. This expense was incurred pursuant to Change Order Request #4. This work is associated with Job Work Order #13125.

    i.  Mr. Excavator performed jackhammer work on the concrete walls and floor and associated work in hauling the resulting concrete to the dump. This carried a $3,913.86 expense that still remains open. This expense was incurred pursuant to Change Order Request #4. This work is associated with Job Work Order #13116.

25. On November 8, 2019, counsel for Mr. Excavator submitted a Notice of Bond Claim to CIC in an effort to begin a claim on the Bond in the principal amount of $94,174.00 for the above-referenced labor, services, work, and materials that Mr. Excavator furnished to Black Horse on the Project.

11735284.2

26. CIC responded to this Notice of Bond Claim with a Proof of Claim form, which Mr. Excavator completed and submitted to CIC along with the substantiating documentation it requested.

27. As of the date of this filing, CIC has not responded to Mr. Excavator's submission of its Proof of Claim form or its substantiating documentation.

28. Mr. Excavator remains unpaid for all of the above-referenced items as well as the due and outstanding amount of the base contract price, resulting in total damages of $94,174.00.

29. Mr. Excavator's claim against CIC is timely because it is being filed more than ninety (90) days, but less than one (1) year after the last date of Mr. Excavator's work on the Project. Mr. Excavator's last day of furnishing labor or materials on the Project was April 19, 2019.

## COUNT I
## Claim on CIC Payment Bond

30. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

31. Mr. Excavator has a direct contractual relationship with Black Horse, who served as CIC's principal on the Project.

32. CIC furnished the Bond for Black Horse as its principal on the Project.

33. Mr. Excavator is a beneficiary under the Bond.

34. Mr. Excavator supplied labor and material in connection with the prosecution of a portion of the work on the Project for which it has not been paid in the amount of $94,174.00.

35. Mr. Excavator performed and supplied the last of the aforesaid $94,174.00 in labor and material more than ninety days before the filing of this action.

36. Mr. Excavator performed and supplied the last of the aforesaid $94,174.00 in labor and material less than one year before the filing of this action.

11735284.2

37. At the time of the institution of this action, the unpaid balance owed to Mr. Excavator for the aforesaid labor and material is $94,174.00, which Mr. Excavator is entitled to recover against the Bond.

38. Mr. Excavator is entitled to recover from CIC in excess of $94,174.00 pursuant to the terms of the Bond.

## COUNT II
### Breach of Contract
### (Against Black Horse)

39. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

40. The Subcontract constitutes a binding contract between Black Horse and Mr. Excavator.

41. Mr. Excavator fully performed its contractual obligations under the Subcontract.

42. Black Horse's refusal to compensate Mr. Excavator for the $46,600.00 in unpaid base contract work and the $47,574.00 in extra work that Mr. Excavator performed on the Project constitutes a substantial and material breach of the Subcontract.

43. Black Horse's breach of the Subcontract was without legal excuse.

44. Mr. Excavator has been damages by Black Horse's breach of the Subcontract in the amount of $94,174.00, which Mr. Excavator is entitled to recover from Black Horse.

## COUNT III
### Unjust Enrichment
### (Against Black Horse)

45. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

46. Should the Court find that Black Horse did not breach the Subcontract, Mr. Excavator states a claim for unjust enrichment in the alternative against Black Horse.

47. Black Horse has benefited and been unjustly enriched by virtue of Mr. Excavator performing the $46,600.00 in unpaid base contract work and the $47,574.00 in extra work on the Project.

48. Mr. Excavator's base contract and extra work on the project is a benefit conferred upon Black Horse by Mr. Excavator.

49. Black Horse knew and was aware that Mr. Excavator was conferring that benefit upon Black Horse.

50. Black Horse retained the benefit under circumstances where it would be unjust to do so without payment.

51. Mr. Excavator has suffered $94,174.00 in damage as a result of the benefits conferred upon Black Horse without payment.

## COUNT IV
### Declaratory Judgment
### (Against Black Horse)

52. Mr. Excavator incorporates by reference all the preceding paragraphs of this Complaint as though fully rewritten herein.

53. Mr. Excavator contends that it was improper for Black Horse to refuse to pay for the base contract work and extra work that Mr. Excavator performed on the Project.

54. There exists between Mr. Excavator and Black Horse a genuine controversy regarding the amount that Black Horse owes to Mr. Excavator in connection with its work on the Project.

55. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Mr. Excavator is entitled to a declaration from this Court that:

  a. Mr. Excavator is entitled to recover no less than $94,174.00 from Black Horse in connection with counts II and III above.

WHEREFORE, with respect to Count I, Plaintiff Mr. Excavator demands and prays for money judgment against CIC in an amount exceeding $94,174.00 to be proven at trial. With respect to Counts II and III, Plaintiff Mr. Excavator demands and prays for money judgment against Black Horse in an amount exceeding $94,174.00 to be proven at trial. On Counts I, II, and III, Mr. Excavator also requests an award of costs, expenses, prejudgment interest, and attorney's fees. With respect to Count IV, Plaintiff Mr. Excavator demands and prays for declaratory judgment in its favor finding that Mr. Excavator is entitled to recover no less than $94,174.00 from Black Horse in connection with Counts II and II of this Complaint. Finally, Mr. Excavator further prays for such other legal and equitable relief against CIC and Black Horse as the Court deems just and proper.

DATE: April 15, 2020

                Respectfully Submitted,

                */s/ Aaron S. Evenchik*
                Aaron S. Evenchik (0073809)
                David M. Hopkins (0095285)
                aevenchik@hahnlaw.com
                dhopkins@hahnlaw.com
                **Hahn Loeser & Parks LLP**
                200 Public Square, Suite 2800
                Cleveland, Ohio 44114
                Phone: (216) 621-0150
                Fax: (216) 241-2824

                *Counsel for Plaintiff*
                *Mr. Excavator, Inc.*

11735284.2